UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                    CASE NO.  3:10-cr-6-J-TEM

KASEY R. JOHNS
_____

**O R D E R**

The case is before the Court on Defendant's Motion for Reconsideration of Sentence, or in the alternative, Motion to Correct Sentence, and Memorandum of Law (Doc. #47), filed December 28, 2010.  Defendant requests the term of imprisonment, imposed as part of her sentence issued on December 14, 2010, be corrected to reduce the incarceration by four days so that she may begin a Parenting Class set forth in the case plan established for this same Defendant by the Florida Department of Children and Families (DCF).[1]  Defendant's counsel avers the information pertaining to the Parenting Class was unknown to her at the time of Defendant's sentencing hearing.  Defendant's counsel further states she has contacted the Assistant United States Attorney assigned to this case, and the Assistant takes no position regarding the sought relief.

Rule 35 of the Federal Rules of Criminal Procedure controls this matter.  Rule 35 provides in pertinent part that a Court may, "[w]ithin 14 days after sentencing ... correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P 35(a).  The fourteen day time frame for filing a motion to correct an error in sentencing is

---

[1]The Court notes Defendant's motion incorrectly states the release date was established as "January 4, 2010" (Doc. #47 at 1).  The Judgment (Doc. #46) clearly states, the Defendant shall be imprisoned for a total term of "25 (twenty-five) days with credit for one (1) day previously served with a release date of January 7, 2011."

jurisdictional and must be strictly construed. *See United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010). Here, the instant motion was filed on the final day of the fourteen day period. Thus, the Court has the jurisdiction to consider the motion.

The Court has carefully considered this matter. Given the particular circumstances of this misdemeanor case and the specific facts of Ms. Johns' background, her stated intentions to correct her poor choices and illegal behavior so that she may make a good life for herself and her children, the Court has no doubt that had the information pertaining to the DCF Parenting Class been provided at the time of the Court's sentencing, it would have taken the dates of the Parenting Class into consideration before imposing sentence. Thus, the Court finds it clearly erroneous to have imposed a period of incarceration of this Defendant without all of the material information before it. Having found clear error, based solely on the facts particular to this case, the Court does hereby correct and amend the term of incarceration of Defendant Kasey Renee Johns to reflect 21 days imprisonment with credit for one (1) day served prior to December 14, 2010 and a release date of January 3, 2011, so that Ms. Johns may timely begin the DCF Parenting Class on January 4, 2011. The instant motion (Doc. #47) is **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of December, 2010.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
(Asst. U.S. Attorney (Guard))
(Asst. Federal Public Defender (Irvin))
Probation (Katrina Clark)